## THOMAS DAVIS, Administrator, *v.* J. W. PATTY.

1. SUMMONS: DEFECTIVE SERVICE CURED BY PLEA. — A plea of the defendant to the declaration is a waiver of defective service and return of the writ.
2. SCI. FA.: HOW EXECUTED AND RETURNED. — Rev. Code, art. 73, p. 490, provides that a *scire facias* shall be executed and returned in the same manner as a summons.
3. JUDGMENT BY DEFAULT, WHEN TO BE TAKEN. — On proper return of

*scire facias,* judgment by default should not be taken before fourth day of court.

4. SAME : SAME : CASE IN JUDGMENT.— Patty sued Lampkin in Circuit Court of Winston county. Before judgment, L. died, and Davis became his administrator. *Sci. fa.* was issued against him, and returned, "executed by personal service," and judgment by default taken first day of the term. *Held* — First, that the judgment by default could not be properly taken before the fourth day of the term; and, second, that the return was insufficient.

ERROR to the Circuit Court of Winston county. Hon. James S. Ham, judge.

*T. J. & F. A. R. Wharton* for plaintiff in error.

SHACKELFORD, C.J., delivered the opinion of the court.

This was an action of assumpsit instituted by J. W. Patty, in the Circuit Court of Winston county, against Ewel Lampkin, who pleaded non-assumpsit to the action at the return term of the writ.

Before judgment, Lampkin died, and Thomas Davis administered upon his estate, and *scire facias* issued to March Term, 1866, of the court.

Upon the *scire facias* the following return was made by the sheriff: "Executed by personal service," on the 20th of March, 1866.

On the 26th day of March, 1866, the first day of the term of the court, a judgment by default was taken against Thomas Davis, the administrator of the estate of Lampkin.

This case was brought into this court by writ of error, by Thomas Davis, administrator, etc.

Since the suing out of the writ of error, the plaintiff in error, Davis, has also died, and at the January Term, 1868, of the Probate Court of Winston county, B. J. Rives was appointed a special administrator of the estate of E. Lampkin, and to prosecute the writ of error :

· There are three assignments of error :

"1. The service of the original writ is not a legal service."

"2. The service of the *scire facias* is illegal."

"3. It was error to take judgment by default in the court

below, on return of the *scire facias*, as there was a plea filed by the original defendant in his lifetime."

The first assignment is not well taken; although the service of the original writ or summons was defective, the defendant waived the defective service by pleading to the action.

The second assignment is well taken. The service of the *scire facias* upon Davis, the administrator of Lampkin, was insufficient. The sheriff failed to give the administrator a copy of the *scire facias*.

Article 73 of the Revised Code, page 490, requires that a *scire facias* "shall be executed and returned in the same manner as a summons, which has to be served personally on the defendant, if to be found, and a true copy thereof delivered to him." Art. 64, Rev. Code, 489.

The judgment was prematurely taken, even if the service of the *scire facias* had been properly served, having been taken on the first day of the term; the statute provides that the defendant shall have leave to plead from the first to the third day of the term of the court, and if no plea in by the fourth day of the term, a judgment may be taken by default. Art. 150, Revised Code, p. 503.

For these reasons we think the judgment should be reversed and a trial awarded.

Let the judgment be reversed and the case be remanded for a trial.